# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-232V
UNPUBLISHED

| | |
|---|---|
| VICTORIA LEMING and KEVIN LEMING, Parents and Natural Guardians of A.L., a Minor,, <br><br> Petitioners, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: February 23, 2021 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Diphtheria-tetanus-acellular pertussis (DTaP) Vaccine; Measles-mumps-rubella-varicella (MMRV) Vaccine; Haemophilus influenzae type b (Hib) vaccine; Thrombocytopenic Purpura (ITP) |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioners.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 14, 2018, Victoria and Kevin Leming filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that a measles-mumps-rubella-varicella ("MMRV"), a diphtheria-tetanus-acellular pertussis ("DTaP"), and/or a Haemophilus influenzae type b ("Hib") vaccine that A.L. received on September 6, 2016, caused her to suffer from immune thrombocytopenic purpura ("ITP"), immune dysfunction, and immunodeficiency. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2020, a ruling on entitlement was issued, finding Petitioners entitled to compensation for A.L.'s ITP. On February 18, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating that A.L. should be awarded $35,000.00 in actual and projected pain and suffering, and that Petitioners should be awarded past unreimbursable expenses in the amount of $5,992.89. Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that A.L. and Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

- **A lump sum payment of $35,000.00, representing pain and suffering, in the form of a check payable to Petitioners as guardian(s)/conservator(s) of A.L., for the benefit of A.L.**
- **A lump sum payment of $5,992.89 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VICTORIA LEMING and KEVIN LEMING, Parents and Natural Guardians of A.L., a Minor, ) ) ) ) | No. 18-232V |
| Petitioners, ) | Chief Special Master Corcoran SPU |
| v. ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 15, 2018, Victoria Leming and Kevin Leming ("petitioners"), as parents and natural guardians on behalf of A.L., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program. *See* 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"). Petitioners allege that a measles-mumps-rubella-varicella ("MMRV"), a diphtheria-tetanus-acellular pertussis ("DTaP"), and/or a Haemophilus influenzae type b ("Hib") vaccine that A.L. received on September 6, 2016, caused her to suffer from immune thrombocytopenic purpura ("ITP"), immune dysfunction, and immunodeficiency. On July 12, 2019, the Special Master issued a Ruling on Facts, finding that "petitioners have established A.L.'s alleged injury meets the severity requirement described in §300aa-11(c)(1)(D) of the Vaccine Act." On November 2, 2020, respondent filed his Amended Vaccine Rule 4(c) report, preserving his right to appeal the Special Master's July 12, 2019, Ruling on Facts, and submitting that petitioner has otherwise satisfied the legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D), 300aa-13(a)(1). On November 4, 2020, the Chief Special Master

-1-

issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.**     **Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that A.L. should be awarded $35,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to A.L.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $5,992.89. Petitioners agree.

**II.**    **Form of the Award**

The parties recommend that the compensation provided to A.L. and petitioners should be made through lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following[1]:

    A. A lump sum payment of $35,000.00, representing pain and suffering, in the form of a check payable to petitioners as guardian(s)/conservator(s) of A.L., for the benefit of A.L. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.L.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.L., any such payment shall be made to the party or parties appointed by a court of

---

[1] Should A.L. die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.L. upon submission of written documentation of such appointment to the Secretary.

    B.  A lump sum payment of $5,992.89 representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Victoria Leming and Kevin Leming.

**III.**  **Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioners as court-appointed guardian(s)/conservator(s) of A.L.'s estate: | $ 35,000.00 |
| B. | Paid to petitioners, Victoria Leming and Kevin Leming: | $ 5,992.89 |

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

<u>/s/ Julia M. Collison</u>
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102
Julia.collison@usdoj.gov

Dated:          February 18, 2021