# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-232V
(not to be published)

| | |
|---|---|
| VICTORIA LEMING and KEVIN LEMING, Parents and Natural Guardians of A.L., a Minor,<br><br>　　　　　　　　Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 10, 2021<br><br>Special Processing Unit (SPU); Interim Attorney's Fees and Costs |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEY'S FEES AND COSTS**[1]

On February 14, 2018, Victoria and Kevin Leming, on behalf of minor A.L., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioners allege that the measles-mumps-rubella-varicella ("MMRV"), a diphtheria-tetanus-acellular pertussis ("DTaP"), and/or Haemophilus influenzae type b ("Hib") vaccines that A.L. received on September 6, 2016, caused her to suffer from immune thrombocytopenic purpura ("ITP"), immune dysfunction, and immunodeficiency. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Recently, on March 18, 2021, Respondent moved for Review of Special Master Dorsey's Ruling issued July 12, 2019, arguing that a bone marrow biopsy performed to evaluate the propriety of the ITP diagnosis (and to guide proper treatment thereof) is not a surgical "intervention" under the Vaccine Act (ECF No. 75), and the Court of Federal Claims granted the motion on June 16, 2021. ECF No. 81 at 1 (citing 42 U.S.C. § 300aa-11(c)(1)(D)(iii)). The case was thereafter remanded to me for further proceedings consistent with this determination. *Id.* at 11.

Petitioners have now filed a motion for interim attorney's fees and costs, dated June 19, 2021 (ECF No. 82), requesting a total award of $104,742.26 (representing $103,391.80 in fees and $1,350.46 in costs). In accordance with General Order No. 9, Petitioners filed a signed statement indicating that they incurred no out-of-pocket expenses. (ECF No. 82-5). Respondent reacted to the motion on June 22, 2021, indicating that he defers to my discretion resolution of whether Petitioners are entitled to an interim award of fees and costs, and if so, the amount to be awarded to Petitioners. (ECF No. 83). Petitioners did not file a reply thereafter.

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Auch*, 2016 WL 3944701, at *7 ("*Avera* has been interpreted as allowing special masters broad discretion in determining whether to award interim fees.") (citing *e.g.*, *Kirk v. Sec'y of Health & Human Servs.*, No. 08–241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* to set a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11–362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad **discretion** to

2

consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original)).

I find that Petitioners have made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375, at *2. (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets two of these criteria: it has been pending for over three years and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. No request for expert fees has been made.[2]

Further, I have reviewed the billing records and invoices submitted with Petitioners' request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours, rates, or costs.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioners' Motion for interim attorney's fees and costs. I award a total of **$104,742.26** (representing $103,391.80 in fees and $1,350.46 in costs) as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[2] Consistent with my usual practice, however, any fees incurred subsequent to this interim award will be addressed at the conclusion of the case. A second award of interim attorney's fees will not be entertained.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3