# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0232V

|  |  |
|---|---|
| VICTORIA LEMING and KEVIN LEMING, Parents and Natural Guardians of A.L., a Minor,<br><br>        Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: June 8, 2026 |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioners.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 14, 2018, Victoria and Kevin Leming, on behalf of their minor child A.L., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that following A.L.'s September 6, 2016 receipt of a measles-mumps-rubella ("MMRV") vaccine, A.L. suffered injuries including thrombocytopenic purpura (or "ITP") as listed on the Vaccine Injury Table ("the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Table"), 42 C.F.R. §§ 100.3 (a), (c)(7). Petition, ECF No. 1 at 1.[3] The claim was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

The parties disputed Petitioners' ability to satisfy the Vaccine Act's statutory severity requirement. Respondent disputed that the claim could not overcome this threshold – specifically arguing that A.L. had not suffered the alleged injuries and/or residual effects for at least six months, and moreover, while A.L.'s acute course included inpatient hospitalization, her bone marrow aspiration and biopsy did not constitute a "surgical intervention" under the Act's meaning. Rule 4(c) Report dated Dec. 21, 2018, ECF No. 34 at 5-6, citing Sections 11(c)(1)(D)(i) and (iii). Following briefing from both sides, Chief Special Master Dorsey[4] resolved the latter question (whether the bone marrow aspiration and biopsy constituted a surgical intervention) in Petitioners' favor. Findings of Fact and Conclusions of Law dated July 12, 2019, ECF No. 41 at 7-9; *see also* Amended Rule 4(c) Report dated Nov. 2, 2020, ECF No. 65 (reserving Respondent's right to challenge the severity determination, but otherwise recommending compensation for an MMR/ITP Table injury); Ruling on Entitlement dated Nov. 4, 2020, ECF No. 66; Decision on Damages dated Feb. 23, 2021, ECF No. 74 (awarding compensation consistent with Respondent's proffer accepted by Petitioners).

Additional litigation followed. *See* Judge Vaccine Opinion dated June 16, 2021 (granting Respondent's Motion for Review), ECF No. 81; Decision on Remand dated Jan. 26, 2022, ECF No. 96 (resolving severity *against* Petitioners and accordingly dismissing the claim); Order Denying Reconsideration dated Feb. 18, 2022, ECF No. 101; Judge Vaccine Opinion dated Aug. 12, 2022, ECF No. 108 (denying Petitioners' Motion or Review). But the Federal Circuit eventually concluded that A.L.'s bone marrow aspiration and biopsy indeed constituted a surgical intervention under Section 11(c)(1)(D)(iii). Federal Circuit Decision dated Apr. 15, 2024, ECF No. 119; *see also* Mandate dated June 6, 2024, ECF No. 120. Accordingly, Petitioners were ultimately awarded compensation. Amended Judgment dated Mar. 13, 2025, ECF No. 131.

I previously granted Petitioners' motion for an interim fees award of $104,742.26 (representing $103,391.80 in fees, and $1,350.46 in costs, dating from October 2016 – June 2021). Interim Fees Decision dated Sept. 10, 2021, ECF No. 91. Petitioners have

---

[3] The Petition also implicated A.L.'s simultaneous receipt of diphtheria-tetanus-acellular-pertussis ("DTaP") and Haemophilus influenzae type b ("Hib") vaccines, and the Petition alleged additional injuries including immune dysfunction and immunodeficiency. Petition at 1.

[4] From July 2014 until September 2015, the SPU was overseen by former Chief Special Master Vowell. For the next four years, until September 30, 2019, all SPU cases were assigned to former Chief Special Master Dorsey, now Special Master Dorsey. In early October 2019, the majority of SPU cases were reassigned to me as the current Chief Special Master.

now moved for a final fees award of $276,378.04 (representing $259,342.59 in fees and $17,035.45 in costs). Final Fees Motion dated June 1, 2025, ECF No. 136. Respondent agrees that the statutory requirements for an award of fees are met, and defers to my discretion as to the calculation of the amount to be awarded. Response dated June 5, 2025, ECF No. 138. Petitioners maintain that they should be awarded final fees and costs as reflected in their motion. Reply dated June 12, 2025, ECF No. 140.

## ANALYSIS

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. Section 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorney's fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioners were awarded compensation, they are entitled to a final award of reasonable fees and costs.

## I.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### A.  Hourly Rates

Petitioners request the following rates for their attorneys and support staff, based on the years work was performed:

|  | 2021 Rate | 2022 Rate | 2023 Rate | 2024 Rate | 2025 Rate |
|---|---|---|---|---|---|
| **Robert Krakow** | $509 | $525 | $553 | $584 | $627 |
| **Elan Gerstmann** | $475 | $497 | $525 | $545 | N/A |
| **Paralegal** | $172 | $177 | $186 | $197 | $212 |

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017).

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorneys Robert Krakow and Elan Gerstmann through 2024 are reasonable, and consistent with our prior determinations and will therefore be awarded herein. However, Mr. Krakow's rate requested for work performed in 2025 requires adjustment, because he was previously awarded a lesser rate for that period ($584.00 per hour, versus the $627.00 sought in this matter). *See I.J. v. Sec'y of Health & Hum. Servs.*, No. 16-864, 2021 WL 3627107 (Fed. Cl. Spec. Mstr. July 20, 2021); *Kotch v. Sec'y of Health & Hum. Servs.*, No. 19-675, 2025 WL 1012834 (Fed. Cl. Spec. Mstr. February 27, 2025). I find no reason to deviate from those determinations, and it is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, I reduce attorney Krakow's rate to be consistent with *I.J.* and *Kotch*. Application of the foregoing reduces the fees to be awarded herein by **$2,098.40**.[5]

### B. Hours Expended

Attorney's fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

---

[5] This amount is calculated as follows: ($627 - $584 = $43 x 48.80 hrs = $2,098.40).

Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears largely reasonable, with the exception of the time expended on preparing the instant fees motion. Respondent noted that "it appears that [P]etitioner's counsel spent in excess of twenty-five (25) hours preparing the final fee application." Response at 3, fn. 2. In Petitioners' Reply Mr. Krakow argued that "Respondent has not claimed that the time the Petitioners' attorney spent preparing the attorneys' fee application was excessive" and continued to described "[t]he time the Petitioners' attorney spent preparing the attorneys' fees motion was reasonable, considering the scope and the multiple factors addressed in the motion." Reply at 2. Additionally, the Motion contains 36 pages briefing the background of the case, and also attempting to establish the claim's reasonable basis. While I appreciate that counsel addressed the potential reasonable basis issue proactively, the amount of time billed is excessive given the issues presented in the motion (as well as the fact that this case was ultimately successful). Counsel is an experienced Vaccine Program attorney and therefore had the knowledge and skill to address the issue more efficiently.

I will therefore credit counsel for 12.5 hours, half the hours billed, for preparing the fees motion, which in my experience would be a reasonable amount of time to collect all the information needed to provide a complete motion while still being able to briefly address any potential reasonable basis concerns. This results in a reduction of **$7,300.00**. **Petitioners are therefore awarded final fees of $249,944.19**.

## II.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See*, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $17,035.45 in outstanding costs, including the filing fee, transcript costs, postage, travel and costs associated with the work of expert Mark Levin, MD, and guardianship costs. ECF No. 136-2 at 62-64. Dr. Levin prepared one expert report and submitted an invoice for a total of $4,525.00 (billing at an hourly rate of $500.00 for 9.05 hours). I find that the costs associated in this complex matter would be considered typical

5

in the Vaccine Program and are thus eligible for reimbursement. They shall be awarded in full without reduction.

Petitioners filed a General Order No. 9 stating that they incurred no out of pocket costs related to the prosecution of this matter. ECF No. 136-5.

## CONCLUSION

Accordingly, I hereby **GRANT IN PART** Petitioners' Motion for attorney's fees and costs and award a total of **$266,979.64 (representing $249,944.19 for fees and $17,035.45 for costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.